# United States District Court
## Southern District of Ohio at Dayton

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**ZACHARY M. HOLBROOK** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: **3:09CR071**<br><br>USM Number: 44911-061<br><br>Jeffrey D. Slyman<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔] pleaded guilty to Count: <u>One (1) of the Information</u> .
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(4) and (b)(2) | Possession of Child Pornography | 10-22-08 | One |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___.

[ ] Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

**12/15/2009**
Date of Imposition of Judgment

**s/ Thomas M. Rose**
Signature of Judicial Officer

**THOMAS M. ROSE**, United States District Judge
Name & Title of Judicial Officer

**12/21/2009**
Date

AO 245B (Rev. 06/05)  Sheet 2 - Imprisonment

CASE NUMBER:     3:09CR071  
DEFENDANT:       ZACHARY M. HOLBROOK

Judgment - Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  twenty-seven (27) months  .

[✔]  The court makes the following recommendations to the Bureau of Prisons: **Defendant be accorded all allowable presentence credit for time spent incarcerated, he be incarcerated at FMC Devens Massachusetts, if consistent with security status, that he be made eligible for and enrolled in the sex offender treatment program, and that if not enrolled in the sex offender treatment program or incarcerated at FMC Devens Massachusetts, the Court be notified immediately.**

[ ]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.
    [ ] at ___ on ___.
    [ ] as notified by the United States Marshal.

[✔]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before 2:00 p.m. on __.
    [✔] as notified by the United States Marshal but no sooner than
    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____  
Deputy U.S. Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

CASE NUMBER: 3:09CR071            Judgment - Page 3 of 7
DEFENDANT: ZACHARY M. HOLBROOK

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  5 years .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [✔] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [✔] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [✔] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

CASE NUMBER:        3:09CR071                                                                                 Judgment - Page 4 of 7
DEFENDANT:          ZACHARY M. HOLBROOK

# SPECIAL CONDITIONS OF SUPERVISED RELEASE

1.  The defendant shall participate in a sexual offender treatment program, to include a sex offender risk assessment, psychosexual evaluation and/or other evaluation as needed.  The defendant shall also be subject to periodic polygraph examinations at the discretion and direction of the probation officer and at the defendant's expense.  The defendant shall follow the rules and regulations of the sex offender treatment program as implemented by the probation office.  The defendant shall sign all necessary releases of information so that treatment providers, probation officers, polygraph examiners and others (as necessary) are allowed to communicate openly about the defendant and his relapse prevention plan.

2.  The defendant's residence and employment shall be pre-approved by the probation officer and in compliance with state and local law.

3.  The defendant shall have no contact with any minor children.  Contact with minors shall not be permitted even with supervision unless otherwise approved by the Court.  The term contact extends to forms of communication such as mail, telephone, and other forms of electronic communication.  This provision does not encompass persons under the age of 18 such as ticket vendors, cashiers, waiters, etc. with whom the defendant must deal in order to obtain ordinary and usual commercial services.  The defendant shall be prohibited from loitering where minors congregate, such as playgrounds, arcades, amusement parks, recreation parks, sporting events, shopping malls, swimming pools, etc.

4.  The defendant shall not possess or view pornography of any kind.  The defendant shall not view, listen to, or possess anything sexually explicit or suggestive, including, but not limited to, books, videos, magazines, computer files, images, and internet sites.

6.  The defendant shall register, and keep the registration current, in each jurisdiction where the defendant resides, where he is an employee, and where the defendant is a student.  For initial registration purposes only, the defendant shall also register in the jurisdiction in which convicted, if such jurisdiction is different from the jurisdiction of residence (42 U.S.C. § 16913(a)).  If the state of residence is not accepting sex offender registrations pursuant to the Sex Offender Registration and Notification Act (SORNA) and unable to accept the defendant's registration, the defendant must maintain contact with state registration authorities and his or her probation officer to determine when such registration can be accepted.  The duty to register may continue after expiration of the offender's federal supervision, and any existing duty to register under state law is not suspended and will remain in effect until the state implements the SORNA of 2006.  If the offender's supervision transfers to another federal district, the defendant's duty to register as required by SORNA shall be governed by that district's policy and the laws of that state.

7.  The defendant is required to install software to monitor computer activities on any computer the defendant is authorized to use at the defendant's own expense.  The software may record any and all activity on the defendant's computer, including the capturing of keystrokes, application information, Internet use history, email correspondence, and chat conversation.  This software will be checked on a random basis.  The defendant has no expectations of privacy regarding computer use or information stored on the computer if monitoring software is installed and understand and agree that information gathered by said software may be used against the defendant in subsequent court actions regarding the defendant's computer use and conditions of supervision.  The defendant must also warn others of the existence of the software program.  The defendant is prohibited from attempting to remove, tamper with, or alter/circumvent in any way the software program.  Furthermore, the defendant must comply with the rules set forth in the computer monitoring participation agreement.

8.  The defendant shall participate in mental health treatment as required by the Court and / or the U.S. Probation Department.

CASE NUMBER: 3:09CR071      Judgment - Page 5 of 7
DEFENDANT: ZACHARY M. HOLBROOK

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|          | Assessment | Fine   | Restitution |
|----------|------------|--------|-------------|
| Totals:  | $ 100.00   | $ -0-  | $ -0-       |

[ ] The determination of restitution is deferred until __. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| TOTALS:       | $           | $                   |                        |

[ ] Restitution amount ordered pursuant to plea agreement $ ____

[] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] The interest requirement is waived for the     [] fine    [] restitution.

    [ ] The interest requirement for the    [] fine    [] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

| | |
|---|---|
| CASE NUMBER: 3:09CR071 | Judgment - Page 6 of 7 |
| DEFENDANT: ZACHARY M. HOLBROOK | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [✔] Lump sum payment of $ due immediately, balance due
    [ ] not later than   or
    [ ] in accordance with   [ ] C,   [ ] D, [ ] E, or   [ ] F below; or

B [ ] Payment to begin immediately (may be combined with   [ ] C   [ ] D, or   [ ] F below); or

C [ ] Payment in equal installments of $ over a period of , to commence days after the date of this judgment; or

D [ ] Payment in equal installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within   (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ] Special instructions regarding the payment of criminal monetary penalties:
    [ ] If the defendant, while incarcerated, is working in a non-UNICOR or grade 5 UNICOR job, the defendant shall pay $25.00 per quarter toward defendant's monetary obligation. If working in a grade 1-4 UNICOR job, defendant shall pay 50% of defendant's monthly pay toward defendant's monetary obligation. Any change in this schedule shall be made only by order of this Court.
    [ ] After the defendant is released from imprisonment, and within 30 days of the commencement of the term of supervised release, the probation officer shall recommend a revised payment schedule to the Court to satisfy any unpaid balance of the monetary penalty. The Court will enter an order establishing a schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several (Defendant and Co-Defendant names and Case Numbers, Total Amount, Joint and Several Amount and corresponding payee, if appropriate.):
[ ] The defendant shall pay the cost of prosecution.
[ ] The defendant shall pay the following court cost(s):

[✔] The defendant shall forfeit the defendant's interest in the following property to the United States:

    1) 2-1 (one) homemade computer black/gray in color
    2) 33 videos
    3) one 40GB Western Digital hard disk drive, serial number WCAMC2004062
    4) one 40GB Western Digital hard disk drive, serial number WMAL72134296.

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 06/05)   Sheet 7 - Denial of Federal Benefits

CASE NUMBER:         3:09CR071                                                                                  Judgment - Page 7 of 7
DEFENDANT:           ZACHARY M. HOLBROOK

# DENIAL OF FEDERAL BENEFITS
### (For Offenses Committed on or After November 18, 1988)

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862

   IT IS ORDERED that the defendant shall be:

[ ]   ineligible for all federal benefits for a period of __.

[ ]   ineligible for the following federal benefits for a period of __.

   (specify benefit(s))

OR

[ ]   **Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.**

## FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

   IT IS ORDERED that the defendant shall be:

[ ]   ineligible for all federal benefits for a period of __.

[ ]   ineligible for the following federal benefits for a period of __.
   (specify benefit(s))


[ ]   successfully completed a drug testing and treatment program.

[ ]   perform community service, as specified in the probation and supervised release portion of this judgment.

[ ]   Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.


**Pursuant to 21 U.S.C. §862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:**

   **U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531**